UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTWONE DUCKINS, | ) | |
| | ) | 17 C 2691 |
| Plaintiff, | ) | |
| | ) | Honorable Judge |
| vs. | ) | Amy J. St. Eve |
| | ) | |
| TOM DART, et. al., | ) | Magistrate Judge |
| | ) | M. David Weisman |
| Defendants. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now comes Defendant, Officer Aaron Taylor, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Kevin Kocim, and answers Plaintiff's Amended Complaint as follows:

#### Jurisdiction

1. This court has jurisdiction over the plaintiff Civil Right violation of the Federal Constitution Right under 42 USC Sub. Sec. 1983.

**Answer**: Defendant admits this action is brought under § 1983, and this Court has jurisdiction over the claims.

2. This court has supplemental jurisdiction over the plaintiff's tort claims under 28 USC 1967.

**Answer:** Defendant denies the allegations in Paragraph 2.

#### Parties

1. The plaintiff Antwone Duckins was incarcerated at the Cook County Department of Corrections Division 10 Tear 2Dog during the events described within this complaint before the court.

**Answer:** Defendant admits that Plaintiff was housed in Division 10 Tier 2D during the allegations in his complaint, but lack knowledge regarding the remaining allegations in Paragraph 1.

1. The Defendant Thomas J. Dart County Sheriff of the Cook County Department of Corrections who is responsible for the everyday running of the Cook County Department of Corrections. He is being sued in his official and individual capacity.

**Answer:** Defendant makes no answer as Sheriff Dart was dismissed per this Court's 1915(a) ruling. (Dkt. 33)

2. The Defendant Aaron Taylor is an officer of the Cook County Department of Corrections and he is responsible for everyday security working of the Cook County Department of Corrections. He is being sued in his official and individual capacity.

**Answer:** Defendant admits Aaron Taylor is a Correctional Officer at the Cook County Department of Corrections and is being sued in his individual capacity, but denies the remaining allegations in Paragraph 2.

3. The Defendant Adam Sweeney is an officer of the Cook County Department of Corrections and he is responsible for everyday security working at the Cook County Department of Corrections. He is being sued in his official and individual capacity.

**Answer:** Defendant makes no answer as Adam Sweeney was dismissed per this Court's 1915(a) ruling. (Dkt. 33)

## IV. Statement of Claim:

1. On July 28, 2016 at or about 4:00 p.m. within the Cook County Department of Corrections Division #10 – 2D plaintiff was held hostage by two detainees.

**Answer:** Defendant admits that there was a hostage situation on July 28, 2016 in the Cook County Department of Corrections Division 10 Tier 2d.

2. Sometime between 8:00pm and 9:00pm, the Cook County Department of Corrections emergency response team was called to 2D within Division #10. The emergency response team upon arriving on 2D Division #10 at or about 4:00pm waited until one of the two attackers stabbed a prisoner on 2D at or about 9:00pm.

**Answer:** Defendant denies the allegations in Paragraph 2.

3. Up rushing 2D emergency response team entered 2D firing an assault gun ordering prisoners to get down on the ground. Plaintiff was ordered to put his face on the ground by one of the emergency response team officers which plaintiff complied.

**Answer:** Defendant denies the allegations in Paragraph 3.

4. While plaintiff was attempting to comply with the order given to him, one of the emergency response team's officers, Arron Taylor ran up on plaintiff while plaintiff was on the ground and rammed his shield into plaintiff's back.

**Answer**: Defendant denies the allegations in Paragraph 4.

5. Officer Arron Taylor then put his knee into plaintiff's back forcing plaintiff face down into feces and urine which had covered the floor.

**Answer:** Defendant denies the allegations in Paragraph 5.

6. Plaintiff refused to put his face in the feces and urine, at this time officer Arron Taylor became upset and took plaintiff in the shower area outside of the line of sight of the cameras and then attacked plaintiff without provocation.

**Answer:** Defendant denies the allegations in Paragraph 6.

7. Plaintiff was complaining about the cuff being on too tight while in the shower

and officer Aaron Taylor started punching and kicking plaintiff legs open and continued to kick plaintiff in his side for no reason.

**Answer:** Defendant denies the allegations in Paragraph 7.

8. Officer Aaron Taylor then told plaintiff to shut up or I would put plaintiff down all the while squeezing plaintiff's testicles in a harmful manner.

**Answer:** Defendant denies the allegations in Paragraph 8.

9. While in the shower, officer Aaron Taylor then threw plaintiff down in the shower. Plaintiff then screamed in pain as a result of being slammed to the ground.

**Answer:** Defendant denies the allegations in Paragraph 9.

10. Officer Aaron Taylor then picked plaintiff up and lead plaintiff off 2D into the hallway outside of 2D where he began to loosen the cuffs and whispering in plaintiff's ear the following ("You too big to be this soft").

**Answer:** Defendant denies the allegations in Paragraph 10.

11. After plaintiff's cuffs were loosened by officer Aaron Taylor, plaintiff was then lead to disciplinary for psychiatric evaluation. After the psychiatric evaluation plaintiff was lead to the barbershop until 3:00am and about 3:20am, plaintiff was lead back to 2D with other prisoners.

**Answer:** Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. Officer Adam Sweeney throughout the whole situation sat by doing nothing while 2D was being held hostage by two prisoners.

**Answer:** Defendant makes no answer as Adam Sweeney was dismissed per this Court's 1915(a) ruling. (Dkt. 33)

13.     Defendant Thomas J. Dart, deputy of the Cook County Department of Corrections delayed action in responding to the hostage situation cause plaintiff undue harm by the emergency response team.

**Answer:**  Defendant makes no answer as Sheriff Dart was dismissed per this Court's 1915(a) ruling.  (Dkt. 33)

## V. Claim for Relief

A.      The actions of defendant Thomas J. Dart residing as Sheriff of Cook County Department of Corrections in his failure to use his official administrative power and duty to activate the emergency response team to intervene and to prevent or secure detainee, Antwone Duckins being held in a hostage situation within a timely matter, which constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth amendment of the United States Constitution.

**Answer:**  Defendant makes no answer as Sheriff Dart was dismissed per this Court's 1915(a) ruling.  (Dkt. 33)

2. The actions of defendant officer Adam Sweeney failure to protect plaintiff Antwone Duckins in his failure to notify his superior supervisor of a hostage situation on tier 2D within Division 10 of Cook County Department of Corrections, constitutes cruel and unusual punishment in violation of the Eight and Fourteenth Amendment of the United States Constitution.

**Answer:**  Defendant makes no answer as Adam Sweeney was dismissed per this Court's 1915(a) ruling.  (Dkt. 33)

3. The actions of defendant officer Aaron Taylor attacking plaintiff Antwone Duckins deliberately and sadistically while plaintiff was secured within the shower area of 2D without provocation constitutes deliberate indifference and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment of the United States Constitution constituting assault and battery.

**Answer:** Defendant denies the allegations in Paragraph 3.

B. Wherefore plaintiff request that the court grant plaintiff the following relief:

1. Issue a declaratory judgment stating that:

a. The failure of Cook Court Sheriff Thomas J. Dart to protect detainee Antwone Duckins while being held within the Cook county Jail constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment within the United States Constitution.

**Answer:** Defendant makes no answer as Sheriff Dart was dismissed per this Court's 1915(a) ruling. (Dkt. 33)

b. The failure of Cook County Deputy Adam Sweeney to protect detainee Antwone Duckins while being held within Division 10 tier 2D in a hostage situation within the Cook County Jail constitute deliberate indifference to plaintiff Antwone Duckins safety contributed to and proximately caused the above described violation of Eighth and Fourteenth Amendment Right to the United States Constitution.

**Answer:** Defendant makes no answer as Adam Sweeney was dismissed per this Court's 1915(a) ruling. (Dkt. 33)

c. The failure of Cook County Deputy Aaron Taylor actions to serve and protect plaintiff Antwone Duckins by committing assault and battery without provocation during

hostage situation constitutes deliberate indifference to plaintiff wellbeing violating the Eighth and Fourteenth Amendment to the United States Constitution.

**Answer:** Defendant denies the allegations.

C. Award compensatory damages in the following amounts:

1. Injunctive relief ordering defendant Sheriff Thomas J. Dart to provide plaintiff with psychiatric counseling for mental traumatization relief resulting from being held hostage for eight hours within the Cook County Jail where plaintiff was subjected to hostage extraction unit using firearm.

**Answer:** Defendant denies.

2. Injunctive relief ordering defendant Sheriff Thomas J. Dart to provide plaintiff with psychiatric specialist who deals specifically with penal hostage situations, Penal Sadistic Sexual Assaults and Dehumanization of Victims from officers involved in inappropriate conduct during an extraction.

**Answer:** Defendant denies.

3. $300,000.00 jointly and severally against defendant Sheriff Thomas J. Dart, Officer Aaron Taylor and Adam Sweeney for the physical and emotional damage caused by assault and battery during the extraction of hostage situation and being refused medical attention by security of Cook County Department of Corrections (Emergency Response Team) ERT.

**Answer:** Defendant denies.

D. Award Punitive damages in the following amounts:

1. $50,000.00 in monetary damages against Sheriff Thomas J. Dart in his official capacity.

2. $30,000.00 in monetary damages against officer Aaron Taylor in his official

capacity.

3. $30,000.00 in monetary damages against Officer Adam Sweeney in his official capacity.

**Answer:** Defendant denies.

E. Grant plaintiff such other relief that the court deems fit.

**Answer:** Defendant denies.

## AFFIRMATIVE DEFENSES

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

3. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent the Defendant is named in their official capacity, Defendant is immune from having to pay punitive damages to Plaintiff.

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case.  In addition, to the extent that Plaintiff failed to take reasonable measures to mitigate any of his claimed injuries or damages, those facts shall be presented to preclude recovery for Plaintiff and any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

5. Defendant also reserves the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendant Officer Aaron Taylor denies that Plaintiff is entitled to any damages, injunctive relief, costs, or witness fees.  Defendant prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of his complaint and further request that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     */s/ Kevin J. Kocim*

Kevin J. Kocim
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6189